IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



May 1, 2026

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**ROBERT D. GREESON, II,**

      **Plaintiff,**

      v.                               Civil Action No.  3:25cv699

**CENTRAL INTELLIGENCE AGENCY,**

      **Defendant.**

## MEMORANDUM OPINION

Plaintiff, a Georgia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Accordingly, by Memorandum Order entered on March 24, 2026, (ECF No. 8), the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof.  The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the March 24, 2026

Memorandum Order.   Plaintiff failed to submit a particularized complaint or otherwise respond

to the March 24, 2026 Memorandum Order.  Accordingly, the action will be DISMISSED

WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 5/1/2026                                                  /s/ _____
Richmond, Virginia                                     M. Hannah Lauck
                                                                    Chief United States District Judge

2